**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FEB 8 2002**

**TENTH CIRCUIT**

**PATRICK FISHER**
**Clerk**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

EDWARD E. HERRING, JR.,

    Defendant-Appellant.

No. 01-1246
(D.C. Nos. 01-N-261, 98-CR-52-N)
(District of Colorado)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **McKAY**, and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

This case is before the court on Edward Herring's request for a certificate of appealability ("COA"). Herring seeks a COA so that he can appeal the district

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

court's denial of his 28 U.S.C. § 2255 motion. *See* 28 U.S.C. § 2253(c)(1)(B) (providing that no appeal may be taken from a final order in a § 2255 proceeding unless the movant first obtains a COA). Because Herring has not "made a substantial showing of the denial of a constitutional right," this court **denies** his request for a COA and **dismisses** this appeal. *See id.* § 2253(c)(2).

Herring pleaded guilty in federal district court to three counts of aiding and abetting in a bank robbery. In his § 2255 motion, Herring contends that the district court erred when it increased his offense level by two points pursuant to United States Sentencing Guideline § 2B3.1(b)(4)(B). As the district court pointed out in denying Herring's § 2255 motion, however, Herring's judgment of conviction was entered on the docket on July 8, 1998, and became final on July 22, 1998. Furthermore, Herring never filed a direct appeal. Accordingly, Herring's instant § 2255 motion, which was filed February 6, 2001, was filed more than two years outside of the one-year limitation period set out in § 2255 para. 6. Because Herring did not argue that the limitations period should be equitably tolled, the district court denied Herring's petition on the ground that it was untimely. In so doing, the district court noted that even if Herring's § 2255 motion was not untimely, his sentencing claim would be procedurally barred because it was not raised in a direct appeal, *see United States v. Frady*, 456 U.S. 152, 165 (1982), and was, in any event, meritless.

To be entitled to a COA, Herring must show "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *See Slack v. McDaniel*, 529 U.S. 474, 484-85 (2000) (holding that when a district court dismisses a habeas petition on procedural grounds, a petitioner is entitled to a COA only if he shows both that reasonable jurists would find it debatable whether he had stated a valid constitutional claim and debatable whether the district court's procedural ruling was correct). Herring has utterly failed to carry his burden. In fact, he does not even address in his filings in this court the district court's conclusion that his § 2255 motion is time-barred or the question of equitable tolling. Because Herring does not contest the district court's conclusion that his § 2255 motion is time-barred and does not offer any ground upon which the limitations period could be equitably tolled, this court **DENIES** his request for a COA for substantially those reasons set out in the district court order filed March 21, 2001, and **DISMISSES** this appeal. Herring's request to proceed on appeal *in forma pauperis* is **DENIED**.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge

-3-